WICKER, J.,
concurs and assigns reasons.
|,I respectfully concur. I write separately because I feel compelled to emphasize that I disapprove of plaintiffs counsel’s method of ascertaining bias by referring to alleged advertisements by the insurance industry. I am convinced that such irrelevant and unsubstantiated comments clearly have the potential for invoking passion and prejudice. It is apparent that plaintiffs counsel was attempting to determine whether the members of the venire had any bias against the plaintiff because of personal views about personal injury lawsuits based on insurance advertisements criticizing per *1024 sonal injury lawyers. While this is a legitimate area of questioning during voir dire, counsel’s questioning bordered on an appeal to passion and prejudice. However, in my view, and after a careful review of the entire record of these proceedings, the potential for passion and prejudice and an unfair jury verdict was mitigated by the following: (1) The trial judge instructed the jury that the arguments of counsel were not evidence. (2) The trial judge instructed the jury that the case should be considered and decided as an action between persons of equal standing in the community and that a corporation is entitled to the same fair trial as is a private individual. (3) The trial judge instructed the jury that the jury must not base its deliberations on any differences as to the status of parties. (4) Both parties made it clear to the jury that ai’guments did not constitute evidence. (5) Plaintiffs counsel, in | ghis introductory comments to the prospective jurors and in questioning prospective jurors, asked them to be fair not only to his client but to the defendants. (6) During voir dire of the first panel, plaintiffs counsel made clear that he did not want to be unfair to any insurance company. (7) During the voir dire of the second panel, plaintiffs counsel stated that this case had nothing to do with any insurance company’s advertising. (8) Throughout the voir dire, both parties emphasized that the jury was to consider evidence presented at trial and the law as they were instructed by the trial court. (9) During plaintiffs counsel’s opening and closing statements, he made no reference to abuses in the insurance industry. (10) During closing arguments, defense counsel explained that this case had nothing to do with the insurance industry, plaintiff advertising, or insurance company advertising.
Therefore, in reviewing the record as a whole, and considering the circumstances of this case, I believe that such comments did not invoke such passion and prejudice that the rights of the defendants were unduly impaired. Given the plaintiffs expert’s unrefuted testimony in evaluating the ultimate verdict of the jury, I am not convinced that the jury was so biased against the insurance industry that it rendered the verdict that it did.
Therefore, I write separately to concur in the result reached by the majority.